THE HACKENSACK GOLF CLUB, PROSECUTOR, v. HACK-ENSACK IMPROVEMENT COMMISSION ET AL., DE-FENDANTS.

Argued January 21, 1931—Decided February 13, 1931.

Before Justices PARKER and BODINE.

For the prosecutor, *Albert C. Wall.*

For the defendant, *Walter G. Winne.*

The opinion of the court was delivered by

PARKER, J. This is a *certiorari* to two assessments on lands formerly of the golf club, which it sold to a corporation called Garden Suburbs, Incorporated, taking back a purchase-money mortgage for $482,000. This mortgage it assigned to a bank in Hackensack as collateral security for an issue of $300,000 of its own bonds, retaining an apparent equity in the mortgage of say $182,000. The point is made for the defendant at the outset that the golf club has no status to attack the assessments. Counsel have cited no authority on this point, and we find it unnecessary to decide it but assume for present purposes that prosecutor, whose equity in the mortgage would be subject to the assessments, has a status to attack them as illegal or excessive.

The case is unusual in that the improvement, in part, was petitioned for by Garden Suburbs, Incorporated, colorably under section 51 of article 20 of the Home Rule act of 1917, pages 395, 396, which reads as follows:

"51. The governing body of a municipality may undertake any improvement herein mentioned at the request of a number of petitioners who shall agree to pay the cost of said improvement and all expenses incidental thereto, and any other charge imposed by the governing body; such petitioners shall file with the governing body a statement showing the improvement desired, the land owned by each of them, and the proportion of the cost each is willing to pay; such statement shall be verified by each of said petitioners, and said petitioners shall enter into bond with sufficient surety to the municipality in double the amount of the cost of the improvement as estimated by the engineer of the municipality, conditioned for the prompt payment of the cost of the improvement and all expenses incidental thereto and charges imposed as aforesaid, before any such work or improvement is commenced. The governing body may insist on any further security for such payment it may deem advisable, and, when so secured, may proceed to make the said improvement. Upon the completion thereof, the governing body shall de-

termine the cost and expense thereof and cause the same to be collected from the said petitioners."

We say colorably, because the act contemplates "a number of petitioners" and there was only one—though no special point need be made of that; also, because it requires that the "statements shall be verified" and it was not verified; and because it requires that petitioners "enter into bond" and there was no bond. What happened was that notwithstanding this petition, the cost of the improvement was assessed in the ordinary way, and that assessment, if good, is a lien prior to the mortgage. The argument for prosecutor is that the failure of the municipality to insist on a bond as a condition precedent does not invalidate either the petition or the ordinance passed in response thereto, but the cost must be collcted by suit against Garden Suburbs, Incorporated. This need not be decided because as we read the ordinance it was not an undertaking to make the improvement on the basis of section 51. Under the Home Rule act no petition for a local improvement is needed. *Pamph. L.* 1917, *p.* 370. The council or other body may itself initiate the improvement. A certain percentage of property owners can veto it in the first instance, but even then, council may declare it a "public necessity" and proceed. *Pamph. L.* 1922, *p.* 201. Consequently the petition by Garden Suburbs, Incorporated, under section 51, offering to pay the whole cost of the improvement specified therein was in no way needed to confer jurisdiction on the improvement commission, which could recognize or ignore it as it chose.

Now, the ordinance in a preamble recites two petitions for two distinct improvements; one offering to pay all and the other asking that ninety per cent. be assessed on the property. But the purview then *ordains* that "said improvements shall be made as local improvements" and those in petition No. 1 (particularly now in question) shall be assessed in full against the property, and those in No. 2, ninety per cent. Then follows the usual provision to raise the money, &c. The ninety per cent. assessment is not challenged except as in excess of benefits.

Counsel for prosecutor, conceding his clients had notice of the ordinance, argues that they were entitled to assume that the improvement would be made in conformity with the petition, because said petition is recited in the preamble, but this argument ignores the rule of statutory construction that when the enacting clause is ambiguous, the preamble may be resorted to to explain the intention of the lawmaker; but where such enacting clause is expressed in clear and unambiguous terms the preamble cannot control the enacting part. *Brown* v. *Erie Railroad Co.*, 87 *N. J. L.* 487, and cases cited. There is nothing ambiguous about the enacting part of the ordinance which provides that "the said improvement shall be made as local improvements," (*i. e.*, improvements, the cost of which, or a portion thereof, may be assessed upon lands in the vicinity benefited thereby, Home Rule act, section 20), "and the cost and expense * * * shall be charged and assessed in full against the property, and that ninety per cent. of the cost of the paving and trunk sewers, if necessary, shall be assessed against the property benefited thereby in accordance with the provisions of the statute in such case made and provided."

Whether such an ordinance would be vulnerable to a timely attack, as not providing a lawful method of assessment, or for any other reason, is not the question at this time. The work has long since been completed, and it is too late to claim invalidity of the ordinance. Indeed, prosecutor does not undertake to do so, but asks us to construe it as providing for making the improvement charged in full, on the basis contemplated in section 51 above quoted. This we cannot do without ignoring the plain language of the purview of the ordinance. It gave notice to all concerned that the improvement was not only to be made, but was to be assessed in full against the property, and by necessary inference that notwithstanding the petition and the preamble, the city would not undertake to collect the cost under the provision of section 51, and without assessment.

This disposes of the only real question properly raised before us. So far as the assessments or either of them may

be in excess of benefits, that is a matter to be determined in the first instance by an appeal to the Circuit Court as provided by statute. The point that the assessment illegally includes the cost of improvement outside the municipal limits is not adequately raised by any one of the filed reasons. The ninety per cent. assessment is in no better case than the one hundred per cent. assessment so far as relates to the amount thereof and relation to benefits.

We conclude that it is too late to attack the ordinance; that a proper construction of the ordinance connotes an assessment and not a procedure under section 51; and that the fairness of the assessment is not before us.

The writ will be dismissed, with costs.